## GROENEVELD v. GROENEVELD.

1. Appeal and Error—Cross Appeal—Aggrieved Party—Modification of Divorce Judgment.
    Court of Appeals will not consider claim of cross appeal by defendant wife in divorce action from order denying plaintiff husband's petition to modify divorce judgment as defendant was not an aggrieved party and had no appeal of right (GCR 1963, 806.1).

2. Divorce—Modification of Judgment—Discretion of Court.
    Trial court may amend judgment of divorce, after petition, if the trial court sees fit (CL 1948, § 552.28).

3. Same—De Novo Review—Trial Judge's Findings.
    Appeal from petition to modify judgment of divorce is heard *de novo* by Court of Appeals, but great weight is given to the view of trial judge who heard and saw the witnesses.

4. Same—Modification of Judgment—Change of Circumstances.
    Petition to modify divorce judgment to eliminate alimony payments of $1,000 per month *held*, properly denied as defendant wife's remarriage and brief employment were not sufficient change of circumstance to warrant modification (CL 1948, § 552.28).

Appeal from Ingham; Salmon (Marvin J.), J. Submitted Division 2 April 5, 1966, at Lansing. (Docket No. 1,079.) Decided May 11, 1966. Leave to appeal denied by Supreme Court July 21, 1966. See 378 Mich 724.

References for Points in Headnotes
[1] 4 Am Jur 2d, Appeal and Error §§ 182–185.
[2] 24 Am Jur 2d, Divorce and Separation § 674.
[3] 5 Am Jur 2d, Appeal and Error §§ 703, 882.
[4] 24 Am Jur 2d, Divorce and Separation §§ 680, 690, 705.
    Change in financial condition or needs of husband or wife as ground for modification of decree for alimony or maintenance. 18 ALR2d 10.

Complaint for divorce by Frank Groeneveld against Crystal J. Groeneveld. Cross complaint for divorce by defendant. Judgment of divorce for cross plaintiff. Petition to modify judgment by Frank J. Groeneveld. Petition denied. Plaintiff appeals. Defendant cross appeals. Affirmed.

*Anderson, Carr & Street* (*Victor C. Anderson,* of counsel), for plaintiff.

*Marshall, O'Brien & Skehan* (*John P. O'Brien,* of counsel), for defendant and cross plaintiff.

QUINN, J. Plaintiff appeals from an order of the Ingham county circuit court denying his petition for modification of the judgment of divorce granted to his wife. Defendant filed claim of cross appeal from the same order. Since this order did no more than deny plaintiff's petition, we do not consider defendant an aggrieved party within the meaning of GCR 1963, 806.1. See *In re Estate of Trankla* (1948), 321 Mich 478. Not being an aggrieved party, defendant has no appeal of right; her cross appeal is improper and will not be considered.

The issue presented is whether the trial court erred in denying plaintiff's request for modification of the judgment of divorce by eliminating its provision requiring plaintiff to pay alimony to defendant. Plaintiff's petition alleged the following change of circumstances as basis for the relief sought, namely: defendant's remarriage and her employment since the judgment.

A chronology of the events leading to the present issue is as follows: the parties were married September 18, 1940. Twin daughters were born April 15, 1944, one of whom was married before the divorce and one after the divorce but prior to the present petition. The parties ceased living together

as man and wife in September 1963. January 2, 1964, plaintiff filed complaint for divorce on a charge of cruelty. March 6, 1964, the parties made a property settlement under which defendant received among other things the following: one-half of 6,481 shares of stock in Planet Corporation; accrued benefits under Planet Corporation profit-sharing plan approximating $37,933.77; all stock in Affiliated Fund valued at about $3,500; stock in a life insurance company valued at $1,000; the family residence subject to a $14,000 mortgage, together with all furniture and furnishings therein; cottage property in Barry county, together with the furniture, furnishings, boats and motors; a 1964 Corvette; hospital and medical insurance for her benefit; one-half 1963 income tax refund, if any; money for vacation; beneficiary rights under substantial insurance policies; and alimony of $1,000 per month until she reached age 65 or until the death of either party. March 13, 1964, defendant filed an answer and cross complaint for divorce on a charge of cruelty. The divorce case was heard March 13, 1964 on the cross complaint and resulted in judgment of divorce to defendant. The terms of the property settlement were incorporated in the judgment, and, under a separate heading "Alimony", it was ordered that plaintiff pay to defendant as alimony the sum of $1,000 per month until she attained the age of 65. Within two weeks of the judgment, plaintiff married the woman he had informed defendant he intended to marry. Defendant remarried September 3, 1964. January 20, 1965, the trial court issued its order to show cause to plaintiff to appear February 19, 1965 and show cause why he should not be punished for contempt for refusing to obey the judgment with respect to payment of alimony. February 11, 1965, plaintiff filed the present petition. The record presented shows no

change of circumstance with respect to plaintiff since judgment except for his remarriage.

CL 1948, § 552.28 (Stat Ann 1957 Rev § 25.106), permits the trial court to amend judgment as here requested, if he sees fit. The trial court refused to find that defendant's remarriage and partial employment were a sufficient change of circumstances to warrant the amendment requested. On appeal, we hear the matter *de novo* but great weight is given to the view of the judge who heard and saw the witnesses. *Butler* v. *Butler* (1959), 356 Mich 607. We agree with the trial judge that remarriage is not a sufficient change of circumstance to warrant the amendment sought, nor was defendant's brief employment.

Affirmed, with costs to defendant.

LESINSKI, C. J., and T. G. KAVANAGH, J., concurred.